UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
KENNETH CULPEPPER,

                Plaintiff,

                                    MEMORANDUM AND ORDER
       -against-                20-CV-4510(JS)(AYS)

SUFFOLK COUNTY CORRECTIONAL
FACILITY, ERROL TOULON, JR.,
MICHEAL FRANCHI, JOHN DOE #1,
JOHN DOE #2,

                Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:      Kenneth Culpepper, pro se
                559403
                Suffolk County Correctional Facility
                110 Center Drive
                Riverhead, New York 11901

For Defendants:    No appearances.

SEYBERT, District Judge:

       On September 23, 2020, incarcerated pro se plaintiff Kenneth Culpepper ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Suffolk County Correctional Facility (the "Jail"), Errol Toulon, Jr. ("Sheriff Toulon"), Micheal Franchi ("Warden Franchi"), and two individuals named as "John Does" who are identified as the "Law Library Officer" and the "Grievance Officer" together with an application to proceed in forma pauperis. (Compl., D.E. 1; IFP, D.E. 2.) Upon review, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the

filing fee.   Accordingly, the application to proceed in forma

pauperis is GRANTED.   However, for the reasons that follow, the

Complaint is DISMISSED: (1) WITH PREJUDICE as against the Jail

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b); and (2)

WITHOUT PREJUDICE as against the other Defendants and WITH LEAVE

TO FILE AN AMENDED COMPLAINT in accordance with this Order.

BACKGROUND[1]

Plaintiff's handwritten Complaint is submitted on the

Court's Section 1983 complaint form and is brief.   (See Compl.,

D.E. 1.)   Plaintiff generally complains about his access to the

law library during his incarceration at the Jail.   In its entirety,

Plaintiff's Statement of Claim alleges:[2]

> Since I been locked up at Suffolk County Correctional
> Facility I been denied the Law Library service.  I only
> go once a week which is not enough to fight my case.
> I'm being house at a location that does not have Law
> Library service but there's other dorms in tis Jail that
> does which will provide me with time to research my case.
> I've grieved this issue numerous times to no avail and
> I appealed the jail decision to the state and never got
> a response its been pass 45 days.  Since I've been locked
> up Suffolk County Correctional Facility been violating
> my due process rights and freedom of speech because they

---

[1] All material allegations in the Complaint are presumed to be
true for the purpose of this Order, see, e.g., Rogers v. City of
Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a
complaint for sua sponte dismissal, a court is required to
accept the material allegations in the complaint as true).

[2] Excerpts from the Complaints are reproduced here exactly as
they appear in the original.  Errors in spelling, grammar, and
punctuation have not been corrected or noted.

don't want me to about the law library they always
threaten me.

(Compl. at 4, ¶ II.)   In the section of the form that calls for a
description of any injuries, Plaintiff wrote:

> I was mentally distress I woke up with so much heartache
> and pain I wanted to die.   I was prescribed
> psychological medication to deal with my pain and anger.

(Compl. at 4, ¶ II.A.)   As a result of the foregoing, Plaintiff
seeks an order giving him "enough time to work on my case" as well
as a damages award in the sum of five million dollars.   (Compl.
at 5, ¶ III.)

DISCUSSION

I.   In Forma Pauperis Application

Upon   review   of   Plaintiff's   in   forma   pauperis
application, the Court finds that Plaintiff is qualified to
commence this action without prepayment of the filing fees.   See
28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's request to proceed
in forma pauperis is GRANTED.

II.   Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to
dismiss an in forma pauperis complaint if the action is frivolous
or malicious, fails to state a claim upon which relief may be
granted, or seeks monetary relief against a defendant who is immune
from   such   relief.     See   28   U.S.C.   §§   1915(e)(2)(B)(i)-(iii),

3

1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.  <u>Section 1983</u>

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  <u>Rae v. County of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)).

A. <u>Claims against Sheriff Toulon, Warden Franchi, the Law Library Officer, and the Grievance Officer</u>

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  <u>See</u> <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010).  In <u>Iqbal</u>, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant,

5

through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. See Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009) (citing Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 254 (2d Cir. 2001); further citation omitted). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Toulon, Warden Franchi, the Law Library Officer, and Grievance Officer as Defendants, none of these individuals is mentioned in the body of the Complaint. Wholly absent from the Complaint are any factual allegations of conduct or inaction attributable to any of these individuals. Since Plaintiff seeks to hold Sheriff Toulon and Warden Franchi liable for their subordinates' actions or failure to act solely because of the supervisory positions they hold, such claims fail because an "individual cannot be held liable for damages under [Section] 1983 'merely because he held a high position of authority' . . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004)(quoting Black v.

6

Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)); see also Bellinger v.
Fludd, No. 20-CV-2206, 2020 WL 6118823, at *2 (E.D.N.Y. Oct. 16,
2020)("A plaintiff must allege the direct or personal involvement
of each of the named defendants in the alleged constitutional
deprivation." (citations omitted)).   Accordingly, because
Plaintiff has not alleged a plausible claim against any of the
individual Defendants, such claims are DISMISSED WITHOUT PREJUDICE
pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

B. Claim against the Jail

Plaintiff also names the Jail as a Defendant.   However,
"[t]he Suffolk County Correctional Facility is not a suable
entity."   McCallum v. Suffolk County Corr. Facility Riverhead, No.
19-CV-4591, 2019 WL 6050234, at *2 (E.D.N.Y. Nov. 8, 2019); see
also Schiff v. Suffolk County Police Dept., No. 12-CV-1410, 2015
WL 1774704, at *6 (E.D.N.Y. Apr. 20, 2015) ("[A]dministrative arms
of a municipality cannot be properly sued under § 1983, as the
municipality itself is the only proper defendant."); Wiggins v.
Suffolk County Corr. Facility, No. 13-cv-0569, 2013 WL 1833260, at
* 4 (E.D.N.Y. May 1, 2013)(same).

Thus, Plaintiff's Section 1983 claim against the Jail is
not plausible and is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.
§§ 1915(e)(2)(b)(ii); 1915A(b).   Given Plaintiff's pro se status,
the Court has considered whether the Complaint alleges a plausible

7

claim when construed as against the municipality, Suffolk County.

For the reasons that follow, the Court finds that he has not.

    C.    <u>Claim as construed against Suffolk County</u>

It is well-established that a municipality cannot be held liable under Section 1983 on a <u>respondeat</u> <u>superior</u> theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. County of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011) (quoting <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, <u>see</u> <u>Connick</u>, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, <u>i.e.</u>, officials with final

8

decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found "when 'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, Plaintiff fails to plead any factual allegations from which the Court may infer that the conduct of which Plaintiff complains was caused by a policy or custom of Suffolk County. Accordingly, even when construed as against Suffolk County, the

Complaint does not allege a plausible Section 1983 claim.

    D.    <u>Leave To Amend</u>

A <u>pro</u> <u>se</u> plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of N.Y.</u>, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). If Plaintiff wishes to bring a claim against an individual defendant, but does not know the name of that individual, Plaintiff may identify that individual as John or Jane Doe, and describe the individual, including his or her title and the place of employment, to the best of his ability. Further, for each Defendant named, Plaintiff needs to include: a brief description of what the Defendant did or failed to do; how the Defendant's acts or omissions caused Plaintiff injury; and "facts showing that limitations on his access to the law library or to specific materials resulted in actual injury to Plaintiff, such as the dismissal of an otherwise meritorious legal claim." <u>Correa v. Smith</u>, No. 20-CV-5791, 2020 WL 6293175, at *2 (S.D.N.Y. Oct. 27, 2020) (<u>sua</u> <u>sponte</u> dismissing Section 1983 access-to-court claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) (citing <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15, 122 S. Ct. 2719, 2185, 153 L. Ed. 2d 413; (2002); <u>Lewis v. Casey</u>, 518 U.S. 343, 350-53, 116 S. Ct. 2174, 2179-2182, 135 L. Ed. 2d 606 (1996)).

Plaintiff's Amended Complaint must be labeled as an "Amended Complaint," bear the same Case Number as provided on this Order, 20-CV-4510, and must be filed within sixty (60) days from the date of this Order.  Plaintiff is advised that an Amended Complaint **completely replaces** the previous Complaints.  Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Amended Complaint.  **Plaintiff is ON NOTICE:**  If an Amended Complaint is not filed within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;

2. Plaintiff's claims against the Jail are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1);

3. Plaintiff's claims against Sheriff Toulon, Warden Franchi, John Doe #1 (Law Library Officer), and John Doe #2 (Grievance Officer) are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO

11

FILE AN AMENDED COMPLAINT in accordance with this Order.  The Amended Complaint must be labeled as "Amended Complaint," bear the same Case Number as this Order, 20-CV-4510, and must be filed within sixty (60) days from the date of this Order.  Plaintiff is advised that an Amended Complaint **completely replaces** the previous Complaint.  Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Amended Complaint. **If Plaintiff does not file an Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.**

The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at his last known address.

**SO ORDERED.**

/s/ *Joanna Seybert*

JOANNA SEYBERT, U.S.D.J.

Dated:    December 7, 2020
          Central Islip, New York

12